**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| THOMAS JIRIES, ANTWON FLUTE, and NICOLE PINCKNEY, *individually and on behalf of others similarly situated*, | ) | |
| Plaintiffs, | ) | No. 2:26-cv-01310-DCN |
| vs. | ) | **ORDER** |
| THE BOEING COMPANY, | ) | |
| Defendant. | ) | |

The following matter is before the court on defendant The Boeing Company's ("Boeing") motion to dismiss, ECF No. 20. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

This action arises from a dispute regarding the compensation of Boeing employees. Plaintiffs Thomas Jiries, Antwon Flute, and Nicole Pinckney (collectively, "Plaintiffs") are hourly-paid employees of Boeing that work or have worked at a Boeing facility (the "Facility") within the last three years. ECF No. 13, Amend. Compl. ¶¶ 8–12. The Facility is located at 5400 International Boulevard, North Charleston, South Carolina 29418. Id. ¶ 8. Plaintiff alleges that the Facility is where the Boeing 787 Dreamliner is "fabricated, assembled, and delivered to customers[.]" Id. at ¶ 9.

Plaintiffs allege that, as part of a major expansion at the Facility, Boeing implemented a new mandatory system where all employees were required to park at a

"remote lot on the opposite side of International Boulevard," and wait for a shuttle provided by Boeing to reach the Facility. Id. at ¶¶ 10, 15—16.

Plaintiffs assert that they have been performing compensable pre-shift and post-shift activities[1] without compensation. As a result, Plaintiffs claim Boeing has failed to pay them overtime as required under the Fair Labor Standards Act ("FLSA"). Id. at ¶¶ 23–28; see also 29 U.S.C. § 2201, et seq. Specifically, Plaintiffs allege that "[p]re-shift duties performed off-the-clock . . . include scanning badges, clearing security, waiting at the remote parking lot, boarding a shuttle, and traveling from the parking site to the [Facility]." Id. at ¶ 15. Plaintiffs also allege that they are required to wait for a shuttle back to the remote lot after their shifts and are not compensated for this time either. Id. at ¶ 16. Plaintiffs allege that wait times for a shuttle can be up to thirty minutes. Id. at ¶ 15.

Plaintiffs filed their complaint on March 27, 2026, ECF No. 1, Compl., and amended their complaint on May 11, 2026, ECF No. 13, Amend. Compl. Plaintiffs assert two causes of action against Boeing: (1) failure to pay overtime wages under the FLSA; and (2) breach of contract. Amend. Compl. at ¶¶ 60—74.

Boeing moved to dismiss on May 26, 2026, arguing that Plaintiffs have failed to state a claim under Rule 12(b)(6). ECF No. 20; see also ECF No. 21. Plaintiffs responded in opposition on June 9, 2026. ECF No. 22. Boeing replied on June 16, 2026.

---

[1] Despite mentioning other pre-shift activities in the complaint, the briefing on the motion to dismiss focuses almost exclusively on the compensability of waiting for and riding on the shuttles to and from the Facility. Therefore, the court's discussion of the FLSA claim pertains largely to that issue.

ECF No. 23. The court held a hearing on the motion on September 29, 2026. ECF No. 30. As such, the motion is fully briefed and now ripe for the court's review.

## II. STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

## III. DISCUSSION

Boeing argues that both of Plaintiffs' causes of action fail to state a plausible claim for relief. The court addresses each cause of action in turn.

### A. FLSA

To plausibly state a claim under the FLSA, "a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours." Hall v. DIRECTV, LLC, 846 F.3d 757, 777 (4th Cir. 2017)

The FLSA "requires employers to compensate employees for all hours worked." Truslow v. Spotsylvania Cnty. Sheriff, 783 F. Supp. 274, 277 (E.D. Va. 1992), aff'd 993 F.2d 1539 (4th Cir. 1993). However, certain work-related activities are not compensable under the FLSA. The Portal-to-Portal Act specifically excludes from compensability "(1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and (2) activities which are preliminary or postliminary to said principal activity or activities[.]" 29 U.S.C. § 254(a)(1)–(2).

Preliminary or postliminary work activities are therefore not compensable unless they are "an integral and indispensable part of the [employee's] principal activities." Integrity Staffing Sols., Inc., v. Busk, 574 U.S. 27, 33 (2014) (citing Steiner v. Mitchell, 350 U.S. 247, 254 (1956)).[2] In Busk, the Supreme Court held that an employee's work

[2] Plaintiffs do not dispute that Busk supplies the governing standard in this case. ECF No. 22 at 7.

activity is "integral and indispensable" if "it is in an intrinsic element of the employee's principal activities and one with which the employee cannot dispense if he is to perform his principal activities." Id.

The crux of Plaintiffs' FLSA claim is that Boeing failed to compensate them for the time spent waiting on and riding the mandatory shuttles to and from the Facility. Amend. Compl. ¶¶ 15–28. While Plaintiffs allege that the shuttle process is integral or indispensable to their work, they only do so in a conclusory fashion: "arriving at the remote parking facility and taking a shuttle . . . was integral and indispensable to the Plaintiff(s) and Class Members' principal activities." Amend. Compl. ¶ 23. This conclusory statement does not rise to the level of plausibility required to state a claim for relief. See Fed. R. Civ. P. 8(a); see also ACA Fin. Guar. Corp v. City of Buena Vista, 917 F.3d 206, 212 (4th Cir. 2019) ("[S]imply reciting the cause of action's elements and supporting them by conclusory statements does not meet the required standard."). Plaintiffs also provide their respective positions with Boeing in the complaint, Amend. Compl. ¶¶ 5–7, but fail to allege or explain how taking a shuttle to the Facility is integral or indispensable to their principal activities. See Bennett v. McDermott Int'l, Inc., 855 F. App'x 932, 938 (5th Cir. 2021) ("The line Congress chose to draw [with the Portal-to-Portal Act] was whether the commute time involved work—work specific to what the employer was employed to do.")

Plaintiffs provide more detail in their brief, arguing that "[a]t minimum, this mandatory method of transportation and manner of entering and exiting the plant is 'integral' and/or 'indispensable' to the plant work itself since failing to do so would prohibit the employee from performing their work and getting paid their due wages."

ECF No. 22 at 6. However, this argument has been expressly rejected by other circuits, which have held that "if 'mere causal necessity was sufficient to constitute a compensable activity, all commuting would be compensable because it is practical necessity[,]' " effectively rendering "the Portal-to-Portal Act a dead letter." Villarino v. Pacesetter Pers. Servs., Inc., 161 F.4th 1270, 1277 (11th Cir. 2025) (quoting Bonilla v. Baker Concrete Constr., Inc., 487 F.3d 1340, 1344 (11th Cir. 2007)). The court finds that reasoning persuasive, especially when other circuits applying Busk have "routinely held" that, "[w]hen no work is performed . . . commute time, even time spent on an employer-mandated transportation system, is not compensable." Bennett, 855 F. App'x at 936 (emphasis added); see also Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1290 (10th Cir. 2006); Bonilla, 487 F.3d at 1343; Smith v. Allegheny Techs., Inc., 754 F. App'x 136, 139-40 (3d Cir. 2018).

Accepting the allegations of Plaintiffs' complaint as true, the court finds Plaintiffs fail to state a plausible claim for relief under the FLSA because waiting for and riding shuttles—even if required by Boeing—is not integral and indispensable to Plaintiffs' work and is therefore excluded from compensability under the Portal-to-Portal Act.

**B. Breach of Contract**

Plaintiffs also assert claims for breach of an express or implied in fact contract. Amend. Compl. ¶¶ 69–74. Under either theory, Plaintiffs fail to state a plausible claim for relief.

In South Carolina, the presumption is that employees are at-will, and a plaintiff must plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship to survive a Rule 12(b)(6) motion to dismiss a

claim for breach of contract of employment. Amason v. P.K. Management, LLC, 2011 WL 1100169, at *6 (D.S.C. Mar. 23, 2011); see also Prescott v. Farmer's Tel. Co-Op., Inc., 516 S.E.2d 923, 927, n.8 (S.C. 1999). Generally, to establish a breach of contract, a plaintiff must show: (1) a binding contract entered into by the parties; (2) breach or unjustifiable failure to perform the contract; (3) damages as a direct and proximate result of the breach. See King v. Carolina First Bank, 26 F.Supp.3d 510, 517 (D.S.C. 2014) (citing Fuller v. E. Fire & Cas. Ins. Co., 240 S.C. 75, 89 (1962). For an implied in fact contract to exist, "[t]he parties must manifest their mutual assent to all essential terms of the contract." Stanley Smith & Sons v. Limestone Coll., 283 S.C. 474, 477 (S.C. 1984). Importantly, an implied in fact contract arises "when the assent of the parties is manifested by conduct, not words." Thomerson v. DeVito, 420 S.C. 246, 844 n.10 (S.C. 2020) (emphasis added).

Here, Plaintiffs fail to plausibly allege the existence of a contract, provision, or policy creating the purported obligations, and do not allege that Boeing engaged in any conduct that could plausibly give rise to an implied in fact contract. See id.

Plaintiffs allege in a conclusory fashion that they "were provided with copies of manuals, policies, procedures, handbooks, documents, or contracts at the beginning of, and/or during, their employment[,] . . . [a]ll of which created an express (or alternatively, an implied) contract," that required Boeing to, among other things, "[p]ay for all hours where [Plaintiffs] were required to be on [Boeing's] premises at a prescribed workplace, including at the remote parking lot." Amend. Compl. ¶¶ 70–71.

Plaintiffs did not identify any language in the "manuals, policies, procedures, handbooks, documents, or contracts" that created Boeing's purported contractual duties,

nor did they attach any of these documents to their complaint. Amend. Compl. ¶ 70. In similar circumstances, other courts have found such conclusory allegations to be insufficient to survive a motion to dismiss for a breach of contract claim. See Nicholson v. Sci. Applications Int'l Corp., 2012 WL 6568399, at *2 (D.S.C. Nov. 27, 2012) report and recommendation adopted, 2012 WL 6588635 (D.S.C. Dec. 17, 2012) ("Plaintiff has only alleged in very general and conclusory terms that she 'entered into a contract' with the Defendant, executed various [unspecified] documents which constituted a contract of employment, and that the Defendant had an Employee Handbook which . . . [created] a contractual agreement.") (internal quotations omitted). It is particularly difficult to find Plaintiffs' allegations sufficiently plausible when, as noted by Boeing, Plaintiffs' own allegations establish that "[t]he currently employed Plaintiffs have access to the documents that purportedly created contractual obligations," however "Plaintiffs still cannot identify any such obligations." ECF No. 23; see also Amend. Compl. ¶ 70.

Plaintiffs argue that their claim should survive as they "should be allowed to test through discovery whether Boeing's handbooks, timekeeping rules, compensation policies, shift policies, payroll practices, or remote-lot directives created an express or implied obligations to pay for all required work time." ECF No. 22 at 9. As Plaintiffs have failed to state a plausible claim for breach of contract while in possession of all documents for which the purported contract is based on, the court finds that discovery into this matter is not warranted.

Therefore, the court grants Boeing's motion, and dismisses Plaintiffs' FLSA claim with prejudice but dismisses the breach of contract claim without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** Boeing's motion to dismiss with prejudice as to Plaintiffs' FLSA claim and without prejudice as to the breach of contract claim.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 29, 2026**
**Charleston, South Carolina**